decedent and a third person, concerning the transaction. (4) The bar of the Statute of Limitations cannot be removed by showing merely a recognition by the defendant of some undefined indebtedness, unless the jury are allowed to determine whether the acknowledgment applied to the indebtedness sued on or not. Opinion by McSHERRY, C. J.

*Fred. C. Cook* for the appellant. *S. S. Field* for the appellee.

No. 20, January term, 1896. Recorded in Liber J. S. F., No. 2, etc., folio 784 of "Opinions Unreported."

---

## ISAAC S. SANNER *vs.* THE STATE OF MARYLAND.

Appeal from the Court of Common Pleas. *Reversed without a new trial.*

An action was brought by the State to recover from the defendant informers' fees in cases of fines imposed on persons convicted of keeping bawdy-houses between November 23, 1892, and November 23, 1893, the defendant having been at that time sheriff of Baltimore City, and his name having been endorsed on the indictments as informer. *Held*, that since under Code, Art. 38, sec. 2, the State had no interest in the fines so imposed this action could not be maintained. Opinion by ROBERTS, J.

*Wm. Pinkney Whyte* and *Wm. S. Bryan, Jr.*, for the appellant. *Robt. Ludlow Preston* for the appellee.

No. 18, April term, 1896. Recorded in Liber J. S. F., No. 2, etc., folio 815, of " Opinions Unreported."

---

## WILLIAM HAMILTON *vs.* MARY DOHERTY *et al.*, ADMINISTRATORS OF S. E. ALCORN.

Appeal from the Circuit Court of Baltimore City. *Affirmed.*

In August, 1885, Sarah E. Alcorn, then about eighty years of age, was taken by the appellant, who was her